## BUSTAMANTE, DEMANDANTE Y APELANTE, *v.* CAMINO, DEMANDADA Y APELADA.

APELACIÓN procedente de la Corte de Distrito de Ponce en pleito sobre divorcio.

No. 2615.—Resuelto en enero 19, 1923.

DISCRECIÓN JUDICIAL—ANULACIÓN DE SENTENCIA.—En el presente caso en que fué apelada una resolución dejando sin efecto la sentencia de divorcio y abriendo nuevamente el caso, *se resolvió:* que el hecho de no haberse verificado una notificación personal en este caso, unido a las demás circunstancias que aparecen de la moción de la demandada (insertas en la opinión), indican cierta gravedad, que sin entrar a discutir los méritos del caso, demuestra que la corte inferior tuvo a su disposición razones poderosas para haber hecho un buen uso de la sana discreción que le concede el artículo 140 del Código de Enjuiciamiento Civil.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. L. Tormes.*

Abogados de la apelada: *Sres. López de Tord* y *Zayas Pizarro.*

EL JUEZ ASOCIADO SR. FRANCO SOTO, emitió la opinión del tribunal.

El presente es un caso de divorcio por abandono. Después de dictada sentencia declarando con lugar la demanda, la corte inferior, a moción de la demandada, anuló y dejó sin efecto dicha sentencia, dispuso se uniese al récord la contestación presentada y que siguiese el caso por los trámites correspondientes.

No hubo una notificación personal del emplazamiento a la demandada. Se la citó por edictos por ignorarse su paradero, se anotó la rebeldía y celebrado el juicio se dictó sentencia declarando disuelto el vínculo matrimonial entre demandante y demandada. · Esta sentencia fué dictada el 18 de marzo de 1921, y el 5 de julio la demandada solicitó, fundándose en el artículo 140 del Código de Enjuiciamiento Civil, se declare nula y sin ningún valor dicha sentencia y que se permitiera y fuera unida a los autos la contestación que acompañaba a la moción. La moción, en síntesis, expone: que demandante y

demandada son ciudadanos de España, habiendo residido
desde hace treinta años en la República de Santo Domingo,
teniendo su residencia en la ciudad de Samaná, de dicha re-
pública, donde la tenían en y antes de establecerse el presente
pleito; que es falsa la alegación del demandante de que ha-
bía residido en Puerto Rico por más de un año con anteriori-
dad a la presentación de la demanda, ya que el demandante
las veces que ha venido a esta isla ha sido como mero visi-
tante, habiendo regresado inmediatamente a la República Do-
minicana; que es falso que la demandada abandonara al de-
mandante y que es lo cierto que el que ha abandonado en este
caso es el demandante a la demandada, con el propósito de
contraer matrimonio con otra mujer; que el demandante tiene
presentada demanda de divorcio contra la demandada ante el
Tribunal de Distrito de Santo Domingo, con asiento en la ca-
pital de dicha república, demanda que fué declarada sin lugar
y habiendo el demandante entablado recurso de alzada para
ante la Corte del Departamento de dicha República Domini-
cana, fué declarado sin lugar y luego acudió dicho deman-
dante a la Corte de Casación de la predicha república, pre-
cisamente en la fecha en que estaba tramitándose demanda de
divorcio ante la Corte de Distrito de Ponce; que la deman-
dada nunca fué personalmente emplazada en este caso y ha-
biéndose hecho el emplazamiento por medio de la publicación
de edictos, no se remitió por correo a la demandante a su re-
sidencia de Samaná, emplazamiento alguno, no obstante tener
conocimiento el demandante en y antes de la fecha en que se
tramitó este pleito, de que dicha demandada tenía su resi-
dencia en Samaná, todo lo cual ocultó el demandante con el
perverso propósito de que la demandada no tuviera conoci-
miento de los procedimientos en este caso y no compareciera
a defenderse de una demanda injusta y falsa como la que se
ha presentado en este caso; que no ha sido negligente en la
defensa de sus derechos porque tan pronto tuvo conocimiento
por un periódico de Puerto Rico, en el que se publicó la noti-

ficación de la sentencia, se apresuró a oponerse a esos pro-
·cedimientos y que según opinión de sus abogados la deman-
dada tiene una buena y legítima defensa y que su moción se
presenta con un fin legítimo y de buena fé y no con la inten-
ción de obstruir ni obstaculizar la marcha de la justicia; que
en el emplazamiento expedido se dice falsamente que la de-
manda está debidamente jurada, siendo éste un hecho falso,
según consta de los propios autos, hecho que le constaba al
abogado del demandante bajo cuya dirección se expidió el re-
ferido emplazamiento.

Las alegaciones de la anterior moción se exponen bajo
el juramento del abogado que representa a la demandada,
por encontrarse dicha parte ausente en la República Domini-
·cana.

La oposición a la moción por el demandante no contra-
dice de manera abierta y firme los hechos alegados por la
demandada.   Como principal defensa alega que la moción
expresa hechos que han podido fortificarse con pruebas do-
cumentales o *affidavits*.  Es verdad que se acompaña a la
oposición del demandante un *affidavit* suscrito por su abo-
gado, pero en el *affidavit* se concreta a exponer que la deman-
dada fué notificada por medio de la publicación de edictos y
que se observó todo cuanto la ley dispone, de acuerdo con la
orden de la corte inferior, sin que se enviara a la dirección
de la demandada pliego alguno conteniendo copia de la de-
manda porque la orden de la corte inferior no determina tal
requisito y que la demanda se redactó de acuerdo con la re-
lación que de los hechos le hizo el demandante, a quien co-
noce como una persona honorable y de intachable conducta.
Asumiendo, además, el demandante que sería de esencial im-
portancia declarar que había contraído nuevo matrimonio a
los veintitrés días de publicado el último edicto notificando la
sentencia de divorcio a la demandada, presentó la certifica-
ción del registro civil creditiva del matrimonio contraído por

el demandante con María de Jesús Gómez y Guzmán, celebrado en la ciudad de Ponce el 11 de mayo de 1921.

El alegato del apelante no es más fuerte en su defensa que la que deja establecida en su moción de oposición. Es tan pobre su argumentación combatiendo la facultad discrecional que tuvo la corte inferior al decidir la moción de la demandada, que ni siquiera podríamos darle el nombre de alegato, ya que se deja a esta corte el trabajo de estudiar el caso. Sólo se alega que se cometió error por la corte inferior, y como único argumento, que la jurisprudencia sobre el particular está en conflicto y que como se ha elevado una exposición del caso esta Corte Suprema está en condiciones de poder resolver el buen o mal uso de las facultades discrecionales que tiene la corte inferior al resolver el caso. No se cita la jurisprudencia que se alega estar en conflicto ni se expone ningún razonamiento por sí solo suficiente para que pudiéramos intervenir con la discreción que tuvo la corte inferior al dictar su resolución anulando su sentencia.

La notificación del emplazamiento a la demandada no fué personal. El artículo 140 del Código de Enjuiciamiento Civil, que encierra en sí un espíritu liberal y amplio para que se cumplan los altos fines de la justicia, faculta a la corte inferior para hacer uso de su discreción en la forma que lo hizo al dejar sin efecto la sentencia de divorcio por razones que estimó justas. En la parte pertinente dicho artículo 140, dice:

" * * * Cuando por cualquier causa la citación en una demanda no se hubiese hecho al demandado en persona, podrá la corte, en la forma que estimare justa, permitir que dicho demandado o su representante legal, en cualquier tiempo dentro del año de pronunciado el fallo en ella, la conteste tal como se interpuso * * * "

No nos queda duda alguna de que la corte inferior apreció debidamente que no era ignorado el paradero de la demandada, y al ocultarse y suprimirse este hecho por el de-

mandante fué natural que la corte inferior no determinara
en su orden disponiendo el emplazamiento mediante la pu-
blicación de edictos el requisito de enviar a la demandada
una copia de la citación y de la demanda al lugar de su resi-·
dencia conocida por el demandante.  Si se hubiera hecho de
este modo, la ley se habría cumplido estrictamente y la de-
mandada no hubiera sido sorprendida al informarse de la
sentencia decretando su divorcio, en el periódico que al azar
llegara a sus manos y por el cual se hacía la notificación de
dicha sentencia.

El hecho de no haberse verificado una notificación perso-
nal en este caso, unido a las demás circunstancias que apa-
recen de la moción de la demandada, indican cierta grave-
dad, que sin entrar a discutir los méritos del caso, demues-
tra que la corte inferior tuvo a su disposición razones po-
derosas para haber hecho un buen uso de su sana discreción
anulando su sentencia y abriendo de nuevo el caso para ulte-
riores procedimientos.

Por lo expuesto la resolución de julio 30 de 1921 debe
ser confirmada.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Aso-
ciados Wolf, Aldrey y Hutchison.